**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VAN HUNTER,

          Plaintiff,

v.

MATTHEW SCHULLERY, et al.,

          Defendants.

Civil Action No. 24-2139 (KMW) (EAP)

**MEMORANDUM ORDER**

      This matter comes before the Court on Defendant Fathom Borg's motion (ECF No. 24) to dismiss Plaintiff's second amended complaint (ECF No. 18) in this prisoner civil rights matter. Plaintiff has filed opposition to the motion (ECF No. 26), to which Borg replied. (ECF No. 27). For the following reasons, Defendant Borg's motion shall be granted and Plaintiff's claims against her dismissed without prejudice.

      In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

In his second amended complaint, Plaintiff alleges that on February 2, 2022, following an unsuccessful property claim against various prison officials, Defendant Borg, a supervisory official in the NJDOC, came to speak with him at his cell. (ECF No. 18 at 5-6.) During this meeting, Borg told Plaintiff that he could not submit threatening messages in the prison's JPAY grievance system. (*Id.* at 6.) Plaintiff argued with Borg over whether his messages had actually been threatening, and Borg suggested that his grievances may have been more successful if he had not included threatening language. (*Id.*) After the two argued over the issue, Plaintiff used "certain profane words" to Borg and "cursed her out" as she walked away from his cell. (*Id.* at 6-7.) He was charged with threatening Borg, but following a disciplinary hearing was ultimately found guilty of the lesser offense of using abusive language towards her. (*Id.* at 7-8.) Plaintiff was penalized with 30 days loss of recreation privileges and was moved to the general population unit of South Woods State Prison. (*Id.*) Plaintiff alleges that Borg, on February 7, learned that Plaintiff was out of restrictive housing, and had him transferred back to a restrictive housing unit, where he spent two months "in isolation." (*Id.* at 8-9.) Plaintiff alleges that this placement was in retaliation for his "protected activity" in the form of his complaints about his property grievance prior to his

2

"cursing out" Borg on February 2. (*Id.* at 9; 12-13.) Plaintiff also alleges that his being placed in restrictive housing for two months amounts to an "over detention" beyond any punitive housing placement in violation of the Eighth Amendment. Defendant now moves to dismiss both claims.

Turning first to Plaintiff's over-detention claim,[1] Plaintiff essentially contends that he was "over-detained" in the restrictive housing unit, but he does not allege that he was held in prison beyond his prison term. The Eighth Amendment protects inmates from being held in detention beyond the period authorized by their judgments of conviction. *See Montanez v. Thompson*, 603 F.3d 243, 250 (3d Cir. 2010). Such a claim, however, rises and falls with the contention that an inmate was held beyond his lawful term. *Id.* If a Plaintiff cannot show detention beyond his lawful term, he cannot sustain an over-detention claim. *Id.*

Plaintiff was not held beyond his prison term, but intends to try to reinterpret such a claim to include placement in a restrictive housing unit without a penological basis. Plaintiff's basis for this argument appears to be a misunderstanding of the applicable caselaw. *See, e.g., Moore v. Tartler*, 986 F.2d 682, 686 n. 5 (3d Cir. 1993). In *Moore*, the Third Circuit addressed a situation where, although the inmate was not held beyond his maximum sentence date, he was held beyond the point where the sentencing judge had clarified his sentencing order to indicate that the plaintiff should be released immediately, rendering a situation where the plaintiff was held without a supporting judgment. *Id.* Thus, when the court in *Moore* stated that the issue was not whether an inmate was held beyond his maximum sentence date but rather whether he was held without penological justification, the court was referring to the lack of a supporting sentencing order, not

---

[1] Plaintiff raises his claims both under 42 U.S.C. § 1983, the federal civil rights statute, and the New Jersey Civil Rights Act. Because claims under both statutes, absent rare exceptions not applicable here, are construed in an identical manner and subject to the same Defenses, this Court discusses only the federal versions in this Order, but the same logic applies to both types of claims. Thus, this Court decides both the § 1983 and NJCRA claims together. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011).

3

whether or not a prison disciplinary order supported a placement in punitive housing. Thus, *Moore* does not support Plaintiff's claim. *Id.*

Plaintiff's claim is essentially that he was held for two months in punitive housing without a disciplinary finding and that he believes that this violates the Eighth Amendment. The Supreme Court has rejected similar claims, finding that a placement in punitive detention, up to and including solitary confinement, for a month without a disciplinary hearing did not even impugn Due Process protections, let alone the Eighth Amendment's prohibition on cruel and unusual punishment. *See Sandin v. Connor*, 515 U.S. 472, 486 (1995). While the Third Circuit has found a liberty interest for prisoner's who spent extended periods in punitive confinement without a hearing, *see Shoats v. Horn*, 213 F.3d 140, 144-45 (3d Cir. 2000) (eight years in solitary without hearings impugns liberty interest), the Third Circuit has never held that a stay as short as two months, only thirty days longer than that at issue in *Sandin* is sufficient to trigger a liberty interest requiring a hearing, let alone that it would violate the Eighth Amendment. *See, e.g., Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 444 (3d Cir. 2020) (noting that the 3d Circuit had previously found even a four-year period of solitary confinement did not violate the Eighth Amendment). As Plaintiff does not attempt to actually plead a Due Process claim, and as he has not shown that he was held in prison beyond the time permitted by his supporting conviction, and because a two month stay in punitive housing is insufficient to state a claim for a violation of the Eighth Amendment, Plaintiff's over detention claim must be dismissed without prejudice for failure to state a claim for which relief may be granted.

Defendant Borg also argues that Plaintiff fails to state a claim against her for First Amendment retaliation. To state a claim for relief for First Amendment retaliation, a plaintiff must plead facts indicating that he engaged in constitutionally protected activity, that he suffered retaliatory action at the hands of the defendant sufficient to deter a person of ordinary firmness

4

from engaging in further protected conduct, and a causal link between the protected conduct and the retaliatory act. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Such a causal link requires allegations which show that the prisoner's protected conduct was a "substantial and motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). In the absence of direct evidence of retaliatory intent, a causal link can be shown through "an unusually suggestive temporary proximity between the protected activity and the allegedly retaliatory action, or . . . a pattern of antagonism coupled with timing that suggests a causal link." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). Prisoners retain only those First Amendment rights "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See McKinney v. Ryan*, No. 19-12302, 2022 WL 1308368, at *3 (D.N.J. May 2, 2022) (quoting *Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979)). Thus, while the First Amendment will protect an inmate's attempts to engage in filing prison grievances, it will not protect the use of vulgar, threatening, or harassing language. *Id.* at *4; *see also Bethtel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 684-85 (1986).

The parties here dispute exactly which actions Plaintiff took are covered by the First Amendment. The parties appear to agree, and this Court explicitly finds, that Plaintiff's vulgar tirade and "curs[ing] out" of Defendant Borg after their dispute regarding his JPAY filings are not protected speech, but disagree whether the discussion prior to the vulgarities and obscenities was protected speech. Even assuming the discussion prior to the vulgarities was a protected activity, Defendant also contends that Plaintiff has failed to plead sufficient facts to show a sufficient retaliatory motive to support an inference of a causal link between Plaintiff's complaints and the retaliatory action in this matter.

In his complaint, Plaintiff presents very few allegations regarding the causal connection between his JPAY discussion with Borg and the alleged retaliatory conduct. Specifically, Plaintiff

5

provides his own conclusory allegation of a retaliatory motive, and the "temporal proximity" between the discussion between Borg and Plaintiff, separated as they were by a mere five days. (*See* ECF No. 18 at 9, 13.) Plaintiff's own previous complaints clearly highlights the obvious issue with Plaintiff's contentions. In his previous complaint, Plaintiff directly recognized that any retaliation from Borg was the result of his own "profane speech directed to . . . Borg" rather than the discussion which occurred prior to that speech. (*See* ECF No. 9 at 9.) Although Plaintiff in his second amended complaint asserts in conclusory fashion that the retaliation was instead in response to Plaintiff's pre-profanity conversation with Borg, the actual factual allegations he asserts suggest entirely to the contrary. As Plaintiff alleges, Borg came to speak with Plaintiff about his JPAY filings, suggested he would have had greater success if he hadn't used threatening language, and the two ultimately reached an impasse, with Borg stating "[i]t is what it is," and walking away without any threat of a disciplinary charge. (ECF No. 18 at 6.) It was only after Plaintiff engaged in his admittedly profane words and "cursed out" Borg that she charged him with a disciplinary infraction, which was ultimately substantiated in disciplinary proceedings.[2] (*Id.* at 7.) It was thereafter only when this infraction, which included a finding of the use of obscene language against her, did not result in disciplinary placement that Borg allegedly had Plaintiff moved to restrictive housing. Taken together, the only logical inference from these allegations is that, to the extent Borg's actions were retaliatory, they were in retaliation for the obscene language and "curs[ing] out" by Plaintiff, and not a result of the previous conversation. Indeed, Plaintiff's

---

[2] Curiously, in the second amended complaint, Plaintiff alleges that Borg "took offense" to his words "prior to his utterance of profane words," but that the words to which she took offense "included, in addition to the protected speech prior to his utterance of profane words, the utterance of profane words," and alleges facts indicating that it was only after the profanity that Borg took punitive action. (*See* ECF No. 18 at 7.) Despite Plaintiff's attempt to obscure the fact, he is thus clearly alleging that it was the use of the profane language, rather than just what came before, which triggered the disciplinary charge and apparent ill will of Defendant Borg.

6

own causal connection – temporal proximity – is if anything more supportive of the conclusion that Borg retaliated for the vulgarities and obscenities rather than any prior conversation. Thus, Plaintiff has failed to plead facts causally connecting the alleged retaliation to his protected activity, and has instead alleged facts connecting it to his unprotected vulgarities. Plaintiff thus fails to state a First Amendment retaliation claim against Borg, and that claim shall be dismissed without prejudice.

**IT IS THEREFORE** on this _9th_ day of September, 2024,

**ORDERED** that Defendant Borg's motion to dismiss (ECF No. 24) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Borg are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall terminate ECF No. 13 as a separate motion as this Court previously dismissed that motion (*see* ECF No. 21); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties electronically.

Hon. Karen M. Williams,
United States District Judge