**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

VAN HUNTER,

*Plaintiff*,

v.

MATTHEW SCHULLERY, et al.,

*Defendants*.

Civil Action No. 24-02139

**MEMORANDUM ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for an Extension of Time to File Objections Pursuant to Federal Rule of Civil Procedure 72(b) (ECF No. 47) and Plaintiff's Motion for an Extension of Time to File Objections Pursuant to Federal Rule of Civil Procedure 72(a) (ECF No. 49). Defendant filed an opposition to Plaintiff's Rule 72(b) motion. (ECF No. 48). Plaintiff thereafter filed a reply (ECF No. 50) and separately filed the present Rule 72(a) motion. Defendant has not filed a response to the Rule 72(a) motion. The Court decides both motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, both motions are **DENIED**.

Magistrate Judge Elizabeth A. Pascal entered a Memorandum Opinion and Order on November 25, 2025 denying with prejudice Plaintiff's second motion for leave to file a third amended complaint. (ECF Nos. 41, 42). Under Federal Rule of Civil Procedure 72(a), Plaintiff had fourteen days after service of the Order to file objections with the District Judge. Fed. R. Civ. P. 72(a). Plaintiff did not do so. Instead, Plaintiff filed a Notice of Appeal. (ECF No. 44).

On June 3, 2026, the United States Court of Appeals for the Third Circuit dismissed the

appeal for lack of appellate jurisdiction, explaining that because the parties had not consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), the magistrate judge's order was not directly appealable to the Court of Appeals. (ECF No. 46).

Following dismissal of the appeal, Plaintiff moved for an extension of time to file objections pursuant to Rule 72(b). (ECF No. 47). Defendant opposed that motion, arguing that Magistrate Judge Pascal's November 25, 2025 Order was a nondispositive pretrial order governed by Rule 72(a), not Rule 72(b). (ECF No. 48). Plaintiff thereafter filed a reply (ECF No. 50) and, in light of Defendant's argument, filed a separate motion seeking an extension of time to file objections pursuant to Rule 72(a). (ECF No. 49).

Plaintiff's motion under Rule 72(b) fails as a threshold matter. Rule 72(b) governs a magistrate judge's recommended disposition of dispositive matters, whereas Rule 72(a) governs objections to orders resolving nondispositive pretrial matters. Fed. R. Civ. P. 72(a), (b). An order denying leave to amend is a nondispositive pretrial order reviewed under Rule 72(a), not Rule 72(b). Moreover, absent the parties' consent under 28 U.S.C. § 636(c), a magistrate judge's order is not a final order appealable directly to the Court of Appeals. *Siers v. Morrash*, 700 F.2d 113, 115 (3d Cir. 1983) ("[A] magistrate's order is not a 'final' order of the district court within the meaning of section 1291."); *United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1008 (3d Cir. 1987). Accordingly, Plaintiff's Motion for an Extension of Time to File Rule 72(b) Objections (ECF No. 47) is denied.

The Court likewise concludes that Plaintiff has not demonstrated entitlement to relief under Rule 6(b)(1)(B) with respect to his request to enlarge the expired Rule 72(a) deadline.. Rule 6(b)(1)(B) permits a court, for good cause, to extend an expired deadline only upon a showing that the party failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Third

Circuit evaluates excusable neglect by considering the danger of prejudice, the length of the delay and its impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Perrigo Institutional Investor Group v. Papa*, 150 F.4th 206, 217–19 (3d Cir. 2025) (applying the four factors articulated by the Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partn.*, 507 U.S. 380 (1993)).

Plaintiff has not established excusable neglect. Plaintiff acknowledges that counsel failed to timely file Rule 72(a) objections because he "was unaware of the need to consult Fed. R. Civ. P. 72" following entry of Magistrate Judge Pascal's Order and instead pursued a direct appeal to the Third Circuit. (ECF No. 49-3 at 5).

Counsel's misunderstanding or failure to consult the Federal Rules of Civil Procedure does not constitute excusable neglect. *See Pioneer*, 507 U.S. at 392 (holding that clients are generally accountable for the acts and omissions of their attorneys). Indeed, the reason for the delay—the factor the Third Circuit has recognized as particularly significant—weighs decisively against Plaintiff because the failure to timely seek Rule 72(a) review was entirely within counsel's reasonable control. *Perrigo*, 150 F.4th at 218–19.

Nor does Plaintiff's filing of a direct appeal demonstrate diligence sufficient to warrant relief. As the Third Circuit explained in dismissing the appeal, review of Magistrate Judge Pascal's order first had to be sought in the district court under the procedures established by Rule 72; absent the parties' consent under § 636(c), the order was not directly appealable. (ECF No. 46); *Siers*, 700 F.2d at 115; *United Steelworkers*, 828 F.2d at 1008. Plaintiff's mistaken pursuit of appellate review, rather than timely filing Rule 72(a) objections, does not justify reopening an objection period that expired more than six months before the present motion was filed.

Accordingly, Plaintiff has failed to demonstrate excusable neglect under Rule 6(b)(1)(B),

and an extension of the expired Rule 72(a) deadline is unwarranted.

Accordingly,

**IT IS** on this 31st day of July, 2026,

**ORDERED** that Plaintiff's Motion for an Extension of Time to File Objections Pursuant to Federal Rule of Civil Procedure 72(b) (ECF No. 47) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for an Extension of Time to File Objections Pursuant to Federal Rule of Civil Procedure 72(a) (ECF No. 49) is **DENIED**.

**Hon. Karen M. Williams,**
**United States District Judge**